UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNY SUGGS,

        Plaintiff,

                                        Case No.  2:11-CV-175

v.

                                        HON. ROBERT HOLMES BELL

KATHLEEN NELSON, et al.,

        Defendants.

_____/

## ORDER APPROVING IN PART AND REJECTING IN PART
## <u>REPORT AND RECOMMENDATION</u>

On August 15, 2012, Magistrate Judge Timothy P. Greeley issued a Report and

Recommendation ("R&R") recommending that Defendant Thomas Parling's motion for

summary judgment (Dkt. No. 19) be granted in full and that Defendant Kathleen Nelson's

motion for summary judgment (Dkt. No. 10) be granted in part, as to the due process claim,

but denied in part, as to the retaliation claim.  (Dkt. No. 59.)  This matter is before the Court

on Plaintiff Ronny Suggs's objections to the R&R.  (Dkt. No. 61.)

This Court makes a *de novo* determination of those portions of an R&R to which

specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general

objection to a magistrate's report, which fails to specify the issues of contention, does not

satisfy the requirement that an objection be filed.  The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious."  *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff objects to the R&R on multiple grounds. First, he objects to the recommendation that summary judgment be granted to both defendants on his due process claim. In particular, Plaintiff argues that the R&R misconstrues his claim. He stresses that his due process claims regard the "fake hearing" defendants allegedly held in which they "intentionally, purposely, altered and/or forged the Notice of Intent document." (Dkt. No. 61, at 2.) He argues that this behavior is not random, as the R&R asserts, but instead intentional and further alleges that he should not have to demonstrate the absence of adequate state remedies to succeed on his due process claims.

The R&R did not misconstrue Plaintiff's claim. The R&R correctly explained that in cases where the alleged infringing action was not undertaken in accordance with established state procedure – as in the present case where defendants' alleged behavior was "illegal and unauthorized" according to Plaintiff (Dkt. No. 1, ¶ 28) – a procedural due process claim may be dismissed if there are adequate post-deprivation state remedies. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

According to the Sixth Circuit, *Parratt* is triggered when:

> 1) the deprivation was unpredictable or "random"; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty.

*Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Zinermon v. Burch*, 494 U.S.

113, 136-39 (1990); *Mackey v. Dyke*, 29 F.3d 1086, 1092 (6th Cir.1994)).  All three factors are present here. When the loss of property is not the result of an established state procedure and is instead due to the alleged tortious conduct of a state employee it is considered "random and unauthorized" – even if intentional on the part of the employee – and it is deemed impossible for the state to provide a meaningful hearing before the deprivation. *Parratt*, 451 U.S. at 541.

Thus, despite Plaintiff's objection to the contrary, the ultimate issue is whether there were adequate post-deprivation state remedies.  As discussed in the R&R, Plaintiff was afforded such remedies.  He filed a grievance and appealed the result of the Notice of Intent hearing through Step III.  Both his complaint and his objection to the R&R fail to present any evidence of the inadequacy of this grievance process beyond his unhappiness with the denial of his appeal.  Consequently, the R&R was correct to recommend that the defendants' summary judgment motions be granted as they pertained to Plaintiff's due process claims.

Secondly, Plaintiff objects to the recommendation that summary judgment be granted to Defendant Parling on his retaliation claim.  As Plaintiff correctly notes, the R&R recommended the granting of Defendant Parling's motion in full without addressing the retaliation claim as it pertained to him.  Instead the R&R only discussed the alleged facts and governing law as they pertained to Defendant Nelson.

In the "Claims for Relief" section of his complaint, Plaintiff alleges that *both* Nelson and Parling retaliated against him for complaining to Nelson's supervisor about not receiving a timely hearing on the Notice of Intent.  (Dkt. No. 1, ¶¶ 46, 49.)  Specifically, he contends

3

that both defendants were complicit in forging the Notice of Intent document and failing to provide him with a fair hearing in order to punish him for his complaint.

In his brief in support of his motion for summary judgment, Parling explicitly incorporated the arguments made by Nelson in her same brief, which had previously been filed. (Dkt. No. 20.) In essence, both Nelson and Parling argued that, assuming Plaintiff had engaged in protected conduct and that the deprivation of his property was adverse action, Plaintiff had nonetheless failed to establish the third factor necessary for a retaliation claim: that the adverse action was motivated by the protected conduct.

As the R&R correctly noted, the question of whether Nelson's behavior was motivated by a desire to retaliate is necessarily a question of fact. The same is true for Parling's behavior. While Parling arguably played a lesser role in Plaintiff's allegations, that does not change the fact that he admits that his signature appears on the Notice of Intent document alleged to have been forged (Dkt. No. 20, Ex. 1.) Plaintiff alleges that Parling knowingly and intentionally participated in this forgery in order to retaliate against him. (Dkt. No. 1, at ¶ 49.) In response, Parling contends that he never engaged in forgery and none of his actions were motivated by Plaintiff's protected conduct. (Dkt. No. 20, at i, 1.) It is not the province of the Court to decide on summary judgment which story to believe.

Lastly, as the R&R discussed in regard to Nelson, qualified immunity is not warranted when a question of fact remains on a constitutional claim. Consequently, Parling is not entitled to qualified immunity on the retaliation claim and is only entitled to summary judgment in part. Accordingly,

4

**IT IS HEREBY ORDERED** that the August 15, 2012, R&R (Dkt. No. 59) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court in regard to its disposition of Plaintiff's due process claims against both defendants and Plaintiff's retaliation claim against Defendant Nelson.

**IT IS FURTHER ORDERED** that the R&R is **REJECTED IN PART** in regard to its disposition of Plaintiff's retaliation claim against Defendant Parling.

**IT IS FURTHER ORDERED** that Defendant Nelson's motion for summary judgment (Dkt. No. 10) is **GRANTED IN PART**, as to Plaintiff's due process claim, and **DENIED IN PART**, as to Plaintiff's retaliation claim.

**IT IS FURTHER ORDERED** that Defendant Parling's motion for summary judgment (Dkt. No. 19) is **GRANTED IN PART**, as to Plaintiff's due process claim, and **DENIED IN PART**, as to Plaintiff's retaliation claim.


Dated: September 7, 2012                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE