UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

RONNY SUGGS,

        Plaintiff,

v.                                    Case No. 2:11-cv-175
                                    HON. ROBERT HOLMES BELL

KATHLEEN E. NELSON, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Ronny Suggs, an inmate currently confined at the Bellamy Creek Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Manager Kathleen E. Nelson and T. Parling, both of whom were employed at the Newberry Correctional Facility (NCF) during the pertinent time period.

        Plaintiff's complaint alleges that Defendants violated his rights by taking his Nike tennis shoes and failing to provide him with a fair hearing. Plaintiff contends that Defendants retaliated against him after he complained to Defendant Nelson's supervisor.

        The facts of this case were summarized in the August 15, 2012, report and recommendation as follows:

        While housed at the Michigan Reformatory, plaintiff was allowed to purchase and possess a pair of tennis shoes. Plaintiff alleges that in 2009, after a long drawn out process of initial refusals by prison staff, he was able to purchase a tennis shoe that fit his feet, a size 9½ 4E. Plaintiff asserts that the MDOC has a long history of allowing prisoners to purchase non-standard shoe sizes. Plaintiff was able to purchase the shoes and the money was taken from his prison account. The shoes were

approved by the Prison Inspector as the Correctional Facilities Administration (CFA) agent and other prison staff. Four months later plaintiff was transferred to NCF. Plaintiff received a notice of intent (NOI) to conduct an administrative hearing regarding some of his property. The NOI was written by Corrections Officer Salter. The NOI listed as the reason for the hearing:

> 1- Watchband - No watch
>
> 1- Sweatshirt - No number
>
> 1- Amplifier - No instrument/ must be approved by Rec.
>
> 1- Bag popsicle sticks - Hobbycraft
>
> 1 - Book - Wrong name
>
> 1 - Winter coat - No number/ No hoods allowed per PD 04.07.112
>
> 2 - Pair of broken glasses

Plaintiff wrote defendant Nelson on February 1, 2010, inquiring about the delay in conducting the hearing and asking who would conduct the hearing. Plaintiff was informed three days later that he needed to report to defendant Nelson's office. Plaintiff alleges that defendant Nelson apologized for not holding the hearing, informed plaintiff that she would hold a hearing before the end of the week, and told plaintiff to bring proof of ownership of the property. Three weeks later, on March 1, 2010, plaintiff saw prison Inspector Schultz and explained his efforts to get a hearing. Inspector Schultz told plaintiff to send a kite and that he would look into the issue. Plaintiff typed a letter to Inspector Schultz that day. Plaintiff alleges that on March 4, 2010, he spoke with defendant Nelson, who expressed her displeasure in plaintiff for sending the letter to her superior. Defendant Nelson told plaintiff that she had intended to work with plaintiff on the property items, but now she had no intention of assisting plaintiff in obtaining his personal property. She directed plaintiff to leave her office. Plaintiff asserts that after this conversation, he feared complaining to any other prison official about his property.

Plaintiff was told to report to defendant Nelson's office on March 25, 2010. When he arrived at her office, defendant Parling was also present. Defendant Parling asked plaintiff if he wanted to have the hearing on the property. Plaintiff replied that he did. At that time, defendant Parling placed a document in front of plaintiff that plaintiff maintains was altered. The document was supposed to be a copy of the NOI that plaintiff had received. However, the document had two check marks on it. Under proposed disposition, the box for "destroy" had been checked and the box for

waiving the 24-hour notification of hearing had been checked. Plaintiff asserts that the check marks were made by defendants with the intent to deny plaintiff his personal property and to deny plaintiff his due process rights.

Plaintiff asserts that he submitted a number of documents to defendant Nelson during the hearing to show his ownership of the property. Plaintiff asserts that defendant Nelson refused to acknowledge his documents, because she intended to deny plaintiff his personal property. Plaintiff claims that defendant Nelson acted in retaliation. The hearing report also noted that one pair of green gloves with another prisoner's number was also found, but not listed on the NOI. The finding stated:

> Prisoner has no proof of ownership of the following items which will be destroyed: 1 Watchband - no watch/proof of ownership, 1 Bag of Popsicle Sticks - no hobbycraft card/proof of ownership, 1 Pr Black Tennis Shoes - no number/proof of ownership, 1 Jacket w/hood - no number/ no proof of ownership, and jackets w/hoods were not allowed to be ordered after 1-12-1998. 1 Book - wrong name/ripped with cover pulled away from binding, 1 pr gloves not listed on contraband removal slip with the #318502 which is not the prisoner's number and is therefore not allowed. Two Pr Glasses - lens out of one of the pairs, and both have side pieces broken off the frames which makes them both contraband the prisoner may not possess. (Note: Prisoner was wearing a useable pair).

> Prisoner was able to provide proof of purchase for the following: 1 Amp which had two plugs in it but he does not possess a musical instrument and it is therefore not allowed and will not be stored. 1 Pr Nike Air Tennis Shoes - not numbered/sole removable, and prisoner does not possess a special detail to have these shoes which are . . . not an approved athletic shoe. Prisoner was able to provide proof of ownership of the green sweatshirt.

Plaintiff alleges that after the hearing, he was placed in segregation and then transferred to Chippewa Correctional Facility. Plaintiff alleges that he appealed the NOI hearing results through the grievance process. Plaintiff's appeal was denied at Step I. At Step II, it was determined that plaintiff's amplifier would be sent to plaintiff's current facility to determine whether plaintiff could possess it. The Step III decision upheld the decision at Step II. Plaintiff asserted that, as of the date of his

complaint, the amplifier was never forwarded to his facility and no determination was made regarding whether he could keep the amplifier.

Plaintiff asserts that he needs extra-wide shoes and that it is common for prison officials to make exceptions to the Policy Directives and allow prisoners to order shoes that are not approved by policy. Plaintiff asserts that he followed the approval process while seeking to get wider shoes. Plaintiff's request was approved by CFA. According to plaintiff, defendant Nelson was aware of this procedure and was informed by prison officials where plaintiff's shoe order was placed and approved.

*See* docket #59, pp. 1-4.

On September 7, 2012, the court dismissed Plaintiff's due process claims against Defendants Nelson and Parling (docket #62). Therefore, the only remaining claims in this case are Plaintiff's retaliation claims against Defendants Nelson and Parling. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

Presently before the Court is the Defendants' Motion for Partial Summary Judgment, pursuant to Fed. R. Civ. P. 56. The time for filing a response has passed and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment

motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants claim that they are entitled to summary judgment on the issue of damages. Defendants claim that Plaintiff is barred from such relief because he has no "physical injury" as required by 42 U.S.C. § 1997e(e). Section § 1997e(e) provides as follows:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.*

Of course, if 42 U.S .C. § 1997e(e) applied to claims under the First Amendment, a prisoner would almost never be able to assert these claims because it would be the very rare case where a prisoner would suffer a physical injury when asserting simply a First Amendment retaliation claim. The Sixth Circuit repeatedly has held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Jackson v. Herrington*, 493 F. App'x 348, 354 (6th Cir. 2010); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20,

2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June 7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000). The Second and Fifth Circuits also have found that § 1997e(e) applies to constitutional claims. *See Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002) ("Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001) (applying § 1997e(e) to constitutional claims, including First Amendment religion claims); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

However, some federal courts have rejected the physical injury requirement of § 1997e(e) when the underlying claim is for a violation of the First Amendment or other right not typically involving physical injury. As the Ninth Circuit held in *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998), "[t]he deprivation of First Amendment rights entitles a plaintiff judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." 143 F.3d at 1213. *See also Williams*, 2000 WL 1434459 (PLRA does not cover First Amendment retaliation claim); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (no requirement of physical, mental or emotional injury for First Amendment claim because deprivation of First Amendment rights standing alone is a cognizable injury); *Amaker v. Haponik*, 1999 WL 76798, at *7 (S.D.N.Y.) (§ 1997e(e) did not bar plaintiff's First Amendment claims); *Mason v. Schriro*, 45 F.Supp.2d 709, 720 (W.D. Mo.1999) (§ 1997e(e) does not apply to Equal Protection claims under the Fourteenth Amendment); *Lewis v. Sheahan*, 35 F.Supp.2d 633, 637 n. 3 (N.D. Ill.1999) (§ 1997e(e) does not bar a right of access claim); *Friedland v. Fauver*, 6 F.Supp.2d 292 (D.N.J. 1998) (§ 1997e(e) did not bar claim for unconstitutional incarceration following arrest without probable cause); *Warburton v. Underwood*, 2 F.Supp.2d 306, 315 (W.D.N.Y. 1998) (declining to dismiss

Establishment Clause claim under § 1997e(e) for want of plaintiff's showing of physical injury because "such claims nevertheless deserve to be heard").[1]  In the opinion of the undersigned, there is no physical injury requirement necessary to assert a First Amendment claim.

Accordingly, it is recommended that Defendants' Motion for Partial Summary Judgment (docket #86) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 27, 2014

---

[1] In contrast, the Seventh Circuit squarely has held that § 1997e(e) bars compensatory damages in First Amendment cases with no physical injury, though it does not bar nominal or punitive damages.  *See Allah v. Hafeez*, 226 F.3d 237 (7th Cir. 2000).