UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNY SUGGS,

      Plaintiff,

v.

KATHLEEN NELSON, et al.,

      Defendants.
                                      /

File No. 2:11-cv-175

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

      This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983, regarding Defendants alleged retaliation against Plaintiff in violation of his First Amendment rights. Defendants filed a motion for partial summary judgment (Dkt. No. 86), which was referred to a Magistrate Judge. The Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt. No. 93) recommending Defendants' motion be denied. This matter is before the Court on Defendants' Objections to the R&R (Dkt. No. 95).  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court sustains the objections and issues this Opinion and Order.

      In Defendants' motion  for partial summary judgment, they argue that they are "entitled to partial summary judgment claims as to [Plaintiff's] First Amendment claims because, pursuant to 42 U.S.C. § 1997e(e), he has not demonstrated that he suffered a physical injury." (Defs.' Br., Dkt. No. 87 at 4). In his R&R, the Magistrate Judge observed that "if 42 U.S.C. § 1997e(e) applied to claims under the First Amendment, a prisoner would almost never be able to assert these claims

because it would be the very rare case where a prisoner would suffer a physical injury when asserting simply a First Amendment retaliation claim." (R&R, Dkt. No. 93 at 5). Defendants' object to the Magistrate Judge's conclusion that "there is no physical injury requirement necessary to assert a First Amendment claim." (*Id.* at 7).

Upon a review of the record and the relevant case law, it appears to this Court that the litigants and the Magistrate Judge have misunderstood the nature of each other's reasoning. As this Court reads the motion for partial summary judgment, Defendants' are merely asking for judgment of a matter of law on any mental or emotional damages Plaintiff may have had as a result of the alleged First Amendment retaliation because Plaintiff has not alleged a physical injury. (*See* Defs.' Br., Dkt. No. 97 at 7) ("Consequently, [Plaintiff] should not be able to collect any damages for mental or emotional harm.").

The Magistrate Judge, on the other hand, appears to be analyzing the motion as though Defendants' were requesting the Court to exclude *all* damages. (*See* R&R, Dkt. No. 93 at 6) (discussing the unique right to relief a First Amendment deprivation confers). While the Magistrate Judge was correct in his reasoning that a deprivation of First Amendment right is a cognizable injury in itself, such a conclusion does not necessitate application of § 1997e(e) in the context of the present motion. Defendants are merely requesting that this Court exclude damages for mental or emotional suffering, because Plaintiff has not alleged a physical injury, as § 1997e(e) requires. As Defendants correctly point out, the Sixth Circuit has not carved out an exception to § 1997e(e) for First Amendment claims. *See Taylor v. United States*, 161 F. App'x 483, 487 (6th Cir. 2005). Indeed, most of the circuits have held otherwise. *Id.* ("[T]he majority of courts hold § 1997e(e) applies to all federal prisoner lawsuits.") (internal citations omitted).

2

In any event, this case does not present a ripe opportunity to address the issue of a First Amendment exception to § 1997e(e). Nowhere in his complaint or subsequent pleadings does Plaintiff request relief for mental or emotional damages. Rather, he requests compensatory and punitive damages for the alleged constitutional harms he suffered. (Compl., Dkt. No. 1 at 26–27). Section § 1997e(e), by its very language, only applies to claims for emotional or mental damages. It is wholly inapplicable to claims for compensatory or punitive damages for constitutional deprivations, such as those at issue here. Therefore, even if the Court denied Defendants' motion for partial summary judgment, damages for mental and emotional suffering would have been unavailable to Plaintiff. Nonetheless, on de novo review, the Court concludes that Defendants' are entitled to partial summary judgment on the limited issue of the availability of mental and emotional damages.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. No. 93) is **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (Dkt. No. 95) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. No. 86) is **GRANTED**.


Dated: February 4, 2014                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE